UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRY BROWN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 4:13CV00040 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 & 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA. As a result, the motion will be dismissed.

Movant was charged in a superseding indictment for conspiring to distribute cocaine in an amount in excess of five kilograms and PCP in an amount in excess of one kilogram in violation of 21 U.S.C. § 846. Movant was found guilty by a jury and was subsequently sentenced to a period of imprisonment of 240 months and a five-year-term of supervised release.

Following movant's conviction and sentencing, petitioner filed an appeal with the United States Court of Appeals for the Eighth Circuit. The appeal was denied on

July 19, 2006. Petitioner then requested a writ of certiorari from the Supreme Court, which was denied.

On March 5, 2007, petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 in this Court. See Brown v. United States, 4:07CV439 ERW (E.D. Mo.). In his motion, petitioner alleged improper federal jurisdiction, violation of due process and ineffective assistance of counsel. This Court denied the motion, and the United States Court of Appeals for the Eighth Circuit denied movant's application for a certificate of appealability on June 16, 2009. See Brown v. United States, No. 09-1819 (8th Cir. 2009).

In the instant motion, movant claims that new "evidence" has come to light supporting his request for relief under § 2255. Specifically, movant points to the Supreme Court case of Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010), and its progeny, including United States v. Haltiwanger, 637 F.3d 881 (8th Cir. 2011), for the proposition that his prior state drug offenses should not have been used to enhance his federal sentence.[1] Movant also asserts that he is actually innocent.[2]

---

[1] In Carachuri the Supreme Court held that the question of whether a prior conviction is an "aggravated felony" as used in the Immigration and Nationality Act must be resolved by looking at the offense for which the defendant was actually convicted, not the offense which he could have been convicted in view of his conduct. In spite of the fact that his motion to vacate is successive and improperly before this Court, he is arguing that Carachuri establishes a new rule of law that should be applied retroactively to cases on collateral review. Even if the Court

Under 28 U.S.C. § 2255:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense . . .

Absent certification from the United States Court of Appeals, this Court lacks authority under § 2255 to grant movant's requested relief. As a result, the motion shall be dismissed.

---

could delve into the merits of movant's arguments, it would be unlikely to find that the rule in Carachuri should be applied retroactively on collateral review. See, e.g., United States v. Powell, 691 F.3d 554 (4th Cir. 2012).

[2]In extraordinary cases, a petitioner may raise a claim of actual innocence "to avoid a procedural bar to the consideration of the merits of his constitutional claims." Schlup v. Delo, 513 U.S. 298, 327 (1995). To establish actual innocence the petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. Id. "Actual innocence means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S.614, 623 (1998). The actual innocence exception does not apply in cases where a defendant simply alleges that he should have received a lesser sentence and does not claim that he is actually innocent of the offense. In this case, it appears that movant is simply arguing that he should have received a lesser sentence based on the intervening change in caselaw.

Also before the Court is movant's motion for equitable tolling. As the Court lacks the ability to delve into the merits of movant's motion to vacate, his motion for equitable tolling will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside and correct sentence is **DENIED**.

**IT IS FURTHER ORDERED** that movant's motion for equitable tolling is **DENIED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

A separate Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 7th day of February, 2013.

/s/ E. Richard Webber
---
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE