UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRY BROWN, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | )   No. 4:13CV00040 ERW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on movant's motion for reconsideration, or to alter or amend judgment, of the February 7, 2013 Order of Dismissal. For the following reasons, movant's motion for reconsideration will be denied.

On January 4, 2013, movant filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Movant based his motion on two grounds. He first claimed that new "evidence" has come to light supporting his request for relief under § 2255. Specifically, movant points to the Supreme Court case of Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010), and its progeny, including United States v. Haltiwanger, 637 F.3d 881 (8th Cir. 2011), for the proposition that his prior state drug offenses should not have been used to enhance his

federal sentence.[1]  Movant also asserts that he is actually innocent.  Finding the motion a "second or successive motion" within the meaning of 28 U.S.C. § 2244, the Court dismissed this action on February 7, 2013.  Movant seeks reconsideration of the Court's Order of Dismissal.

Movant first asserts that "if the Eighth Circuit eventually decides that Carachuri-Rosendo announced a new substantive rule then petitioner is entitled to relief."  Even if movant were to seek authorization from the Court of Appeals to bring a second or successive motion in this Court, he could not show a valid basis for his successive motion.  In order to grant a successive § 2255 motion, a panel of the Court of Appeals must certify that it is based on either newly discovered evidence or a new rule of constitutional law made retroactive. See 28 U.S.C. § 2255(h).

---

[1]Movant is referring to the Supreme Court case of Carachuri-Rosendo v. Holder,130 S.Ct. 2577 (2010), and its progeny, including United States v. Haltiwanger, 637 F.3d 881 (8th Cir. 2011), for the proposition that his prior state drug offenses should not have been used to enhance his federal sentence. In Carachuri-Rosendo, the Supreme Court held that the question of whether a prior conviction is an "aggravated felony" as used in the Immigration and Nationality Act must be resolved by looking at the offense for which the defendant was actually convicted, not the offense which he could have been convicted in view of his conduct.  Movant also appears to be relying on Carachuri-Rosendo for the proposition that the Supreme Court has issued a new rule of constitutional law that should be applied retroactively.

Movant does not argue that his motion is based on any true newly discovered evidence; rather, he merely contends, in a round-about way, that the United States Supreme Court created a new rule of constitutional law, that he believes should be retroactively applied.

Both Carachuri–Rosendo and the Eighth Circuit Court of Appeals' interpretation of that decision in United States v. Haltiwanger, 637 F.3d 881 (8th Cir.2011), considered the circumstances under which a defendant's individual criminal history dictates that a prior felony conviction be treated as a misdemeanor. However, the United States Supreme Court has not declared this new rule of constitutional law retroactive. See Rodgers v. United States, 229 F.3d 704, 706 (8th Cir.2000) (quoting In re Vial, 115 F.3d 1192, 1197 (4th Cir .1997)) (citation omitted) ("[A] new rule of constitutional law has been 'made retroactive to cases on collateral review by the Supreme Court' within the meaning of § 2255 only when the Supreme Court declares the collateral availability of the rule in question, either by explicitly so stating or by applying the rule in a collateral proceeding."). Therefore, the reasoning of these cases does not, at this time, retroactively alter movant's sentence. See, e.g., United States v. Powell, 691 F.3d 554 (4th Cir. 2012). As such, this Court has no basis under which to entertain movant's arguments.

Movant next argues that the Court failed to address whether the issue raised above may be equitably tolled.  In essence, movant is placing the cart before the horse.  As stated in the Court's prior Memorandum and Order, movant is trying to use <u>Carachuri-Rosendo</u> as "new evidence" supporting his request for relief under the statute.  Movant cannot argue that the case of <u>Carachuri-Rosendo</u> acts as both "newly discovered evidence" and "a new rule of constitutional law made retroactive" within the meaning of § 2255(h).

A new case from the Supreme Court is simply not "new evidence," within the meaning of the statute.  Rather, § 2255(h) permits the filing of a successive claim if it contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense."  Movant has presented no such evidence to this Court such that a finding of equitable tolling should be entertained.

And "actual innocence" means factual innocence, rather than mere legal insufficiency. <u>Martin v. Perez</u>, 319 F.3d 804-05 (6th Cir. 2003). Movant is clearly asserting that the state sentences allegedly used to establish his career offender status are legally deficient.  This challenge is, at best, one of "legal insufficiency," not "actual innocence" of the offenses to which he pled guilty. There is a distinction

with a difference between a claim of legal deficiency and a claim of "actual innocence" of an underlying offense charged in the indictment.  <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998).  The actual innocence exception does not apply in cases where a defendant simply alleges that he should have received a lesser sentence and does not claim that he is actually innocent of the offense.

In order for the Court to actually delve into movant's claims for equitably tolling he would have to have a claim over which this Court had jurisdiction.  Because the Court has found that movant's motion is a second or successive motion under 28 U.S.C. §§ 2244 and 2255, it is unable to address movant's arguments on equitable tolling.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion for reconsideration or to alter or amend judgment [ECF No. 5] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will deny any request by movant for a certificate of appealability.

So Ordered this 20th day of March, 2013.

_E. Richard Webber_
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

-5-